598

No. 30,570.

THE OLIVER FARM EQUIPMENT SALES COMPANY, *Appellant,*
v. J. W. POULSON et al., *Appellees.*

(11 P. 2d 689.)

Opinion filed
June 4, 1932.

*Chester I. Long, Claude I. Depew, W. E. Stanley,* all of Wichita, *Guido E. Smith* and *V. L. C. Smith,* both of Colby, for the appellant.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This was an action brought to replevy a tractor and combine under a chattle mortgage.

The petition alleged that the defendants executed and delivered to Bird J. Patterson two promissory notes, each in the amount of $930, maturing August 1, 1930, and August 1, 1931, respectively, bearing interest at eight per cent per annum; that the notes were secured by a chattel mortgage on a tractor and combine fully described in the mortgage; that plaintiff purchased the notes and mortgage from Patterson for value, without notice and before maturity, and was the owner and holder thereof. The defendants answered, admitting the execution of the notes and mortgage, and alleged that the notes and mortgage were executed and delivered to Patterson for the purchase price of a tractor and combine; that Patterson orally represented and warranted the machines to be well made and of good material, capable of doing as good work as any other machine of the same size or capacity, and the defendants, relying on such representations and warranties, executed the notes. It was further alleged that the tractor was not as it was warranted, but was wholly worthless; that it could not be made to work and was not suitable for the purpose for which it was constructed and sold.

The evidence of the plaintiff was to the effect that the notes and mortgage were purchased from Patterson on March 22, 1930; that he was given credit on his account with the plaintiff for the face of the notes; that on August 30, 1930, the defendants paid $500 on the notes; that demand had been made for the machinery described in the mortgage and it had been refused, and that the machinery in question was purchased from Patterson under a written contract which was signed by the defendants as purchaser and by Patterson as the dealer. The contract of purchase contained, among other things, the following:

"The machinery herein described, if new, is warranted to be made of good material, and if properly used and operated, will perform the work for which it is intended as well as, or better than any other make of machinery of the same size working under the same condition and on the same job. The buyer shall not be entitled to rely upon any breach of the above warranty, or to rescind this contract, unless within five (5) days from the first use thereof, for any purpose, the buyer shall immediately have given written notice by registered letter to Oliver Farm Equipment Sales Company at its branch office nearest the buyer's residence, or at 400 West Madison street, Chicago, Ill., stating wherein such machinery fails to fill such warranty. Reasonable time after such notice shall be allowed such company to get to the machinery and remedy the defect, if any, unless it be of such nature that remedy can be suggested by letter, the buyer to render coöperation and friendly assistance. If after such notice and opportunity, as above provided, the machinery cannot be made to fulfill such warranty, it shall be returned immediately by the buyer to the place from which received, such company having the option to furnish other machinery which shall fulfill such warranty, or to return to the buyer the portion of the purchase price applicable to the defective machinery."

The evidence on the part of the defendants was to the effect that the tractor was delivered on April 1, 1930; that upon trial it was found that it would not pull a plow in high; that on the second day the defendants notified Patterson, who came to examine the engine the next day, accompanied by Jack Britting. They concluded that the oil pump was faulty. A new pump was placed on the tractor, which was used for about a week, when the rods burned out a second time. Patterson was notified from time to time of the condition of the tractor and service men were sent out and worked on the machine, but with no satisfactory results. The tractor was returned to Patterson in August, 1930. It was the theory of the defendants that they had paid the full purchase price of the combine, and that the balance due on the notes was the purchase price of the tractor. There was evidence to the effect that the warranty contained in the written order was the only agreement between Patterson and

the defendants. The jury returned a verdict in favor of the defendants, and answered special questions as follows:

"1. When did the plaintiff acquire the title to said notes and mortgage from Bird J. Patterson? A. Latter part of March, 1930.

"2. What consideration did the plaintiff give to Bird J. Patterson for said notes and mortgage? A. Credit on account to the full amount of notes.

"3. At the time the plaintiff acquired said notes and mortgage from said Bird J. Patterson, did the plaintiff know that said notes and mortgage had been procured from the defendants by any false representations concerning said tractor? A. Yes.

"4. At the time it acquired said notes and mortgage from Bird J. Patterson, did the plaintiff know that part of the consideration for said notes was the sale to the defendant J. W. Poulson of a tractor sold subject to a written warranty? A. Yes.

"5. At the time it acquired said notes and mortgage from Bird J. Patterson, did the plaintiff know that there had been a breach of the warranty under which said tractor was sold? A. Yes.

"6. Did the plaintiff act in bad faith when it acquired title to said notes and mortgage from Bird J. Patterson? A. Yes.

"7. If you answer the foregoing question in the affirmative, then state fully what facts you find constitute such bad faith. A. They were aware that the oil lubricator on said tractor had caused trouble.

. . . . . . . . . . . . . . .

"10. About how many days did defendant J. W. Poulson use the said tractor? A. About forty days.

"11. Did defendant Poulson at any time give written notice by registered letter to Oliver Farm Equipment Sales Company at any place stating wherein said tractor failed to fill its warranty? A. No. But he notified the dealer from whom he purchased said tractor.

"12. If you answer the foregoing question in the affirmative, then give the date when said notice was given. ·A. He notified the dealer from whom purchase was made, the third day after using said tractor.

"13. Do you find that the said tractor was defective? A. Yes.

"14. If you answer the foregoing question in the affirmative, then state what defect or defects existed in said tractor. A. Defective oil pump and crank shaft out of line.

"15. If you answer question No. 13 in the affirmative, then state whether such defects were serviced by or at the request of Bird J. Patterson, and said tractor left operating in a satisfactory manner. A. Tractor was serviced but failed to work satisfactorily afterwards.

. . . . . . . . . . . . . . .

"19. Did the tractor purchased by the defendant J. W. Poulson fail to fill the conditions of the printed warranty copied in instruction No. 4? A. Yes.

"20. If you answer the foregoing question in the affirmative, then state in what particulars said tractor failed to comply with said warranty. A. Defective oil pump and crank shaft out of line.

"21. If you answer question 19 in the affirmative, then state whether or not Bird J. Patterson, or the plaintiff, ever put said tractor into such condition as to make it comply with the terms of said warranty. A. No.

. . . . . . . . . . . . . .

"24. About when did the defendant J. W. Poulson return said tractor to the place where he received same? A. In the latter part of August, 1930."

The court rendered judgment in accordance with the general verdict, from which the plaintiff appeals.

It is the contention of the appellant that under the written contract of purchase and the evidence and findings of the jury the appellees could not set up the defense of breach of warranty for the reason that the appellees failed to comply with the conditions of the warranty in that written notice was not served on the appellant in this case. The written order was directed to and signed by Patterson. It is clear that the parties used a form of order prepared and used by the appellant, although the contract was between Patterson and the appellees. The court instructed the jury that since the order was signed by the appellees and Patterson and the parties acted pursuant to the terms of the order, that it must be deemed a binding contract between them. Appellant does not question the correctness of this instruction but contends that since the order expressly provided that written notice be given to the appellant within five days from the first use of the machine such written notice could not be waived by Patterson. The argument of the appellant is on the theory that the contract was between the appellant and appellees, and that Patterson acted as appellant's agent. The facts discredit the theory. The appellant alleged in its petition that it was the owner of the notes and mortgage by purchase for value, without notice and before maturity. This, in effect, was a denial of any knowledge of or obligation under the written warranty. Appellant cannot now contend that Patterson acted as its agent, or that the contract was for its benefit. Patterson was the principal. He had the right to waive any condition contained in the warranty. He was notified within the time provided in the warranty. He acted on the notice and continued to so act until it was found that the tractor could not be made to comply with the warranty, and it was returned to him by the appellees. He must be held to have waived the written notice. (*Oliver Farm Equipment Sales Co. v. Patch,* 134 Kan. 314, 5 P. 2d 795.) The evidence fairly shows, and the jury found, that the tractor did not meet the conditions of the warranty.

The judgment of the district court is affirmed.